United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUENTIN LAONE BELL,

      Plaintiff,

    v.

WALMART, INC.,

      Defendant.

Case No.  25-cv-08113-MMC

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

On January 23, 2026, plaintiff Quentin Laone Bell failed to appear as ordered at a Case Management Conference in the above-titled action.  That same date, the Court issued an order directing plaintiff to show cause in writing, no later than February 6, 2026, why the case should not be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.  (See Doc. No. 20 ("Order to Show Cause").)  To date, no response to the Court's Order to Show Cause has been filed by plaintiff.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed involuntarily "[i]f the plaintiff fails to prosecute or comply with [the federal] rules or a court order."  See Fed. R. Civ. P. 41(b).  Such dismissal may be issued sua sponte. See Hells Canyon Preserv. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005).

United States District Court
Northern District of California

In determining whether dismissal is warranted under Rule 41(b), the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." See Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (internal quotation and citation omitted).

Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted).  Here, four factors weigh in favor of dismissal.

The first factor, the public's interest in expeditious resolution, "always favors dismissal." See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor, the Court's need to manage its docket, also favors dismissal. Plaintiff has repeatedly failed to comply with court orders, causing both the Court and counsel for the opposing party to expend time and resources to no productive end.

The third factor, risk of prejudice to the defendant, also favors dismissal.  The law "presumes prejudice from unreasonable delay." See In re Phenylpropanolamine (PPA) Prods. Liab. Litig, (In re PPA), 460 F.3d 1217, 1227 (9th Cir. 2006).  Here, plaintiff has caused unreasonable delay by failing to comply with the Court's orders.  In particular, as noted, plaintiff has failed to appear at a case management conference at which opposing counsel appeared; additionally, he failed to respond to the Court's Order to Show Cause. At no point has plaintiff endeavored to rebut the presumption of prejudice by offering any reason for any such delay, despite having been provided ample opportunity to do so.

The fifth factor, availability of less drastic sanctions, likewise weighs in favor of dismissal.  Plaintiff's repeated failures to obey court orders or, indeed, even to communicate with the Court, strongly suggests the case cannot proceed in an orderly manner and that, under such circumstances, the imposition of a lesser sanction than dismissal, such as a fine, would have no meaningful effect.

Only the fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal, see Hernandez, 138 F.3d at 399, and, in this instance, does not suffice to alter the balance.

Accordingly, for all the reasons stated, the above-titled action is hereby DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

**IT IS SO ORDERED.**

Dated: February 18, 2026

MAXINE M. CHESNEY
United States District Judge

United States District Court
Northern District of California

3